IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| **JOLENE S. LOYD** ) | |
| ) | |
| On Behalf of herself and ) | |
| all Others Similarly Situated, ) | |
| ) | |
|     Plaintiffs, ) | |
| ) | |
| vs. ) | Case no.: 08-0188-W-HFS |
| ) | |
| **ACE LOGISTICS, L.L.C.;** ) | |
| **ACE LOGISTICS, L.L.C.** ) | |
| -and- ) | |
| **TSL, LTD.** ) | |
| ) | |
|     Defendants. ) | |

**PLAINTIFF'S SUGGESTIONS IN OPPOSITION TO
<u>TSL, LTD.'s MOTION TO DISMISS</u>**

**COMES NOW** the Plaintiff, on behalf of herself and all others similarly situated, and hereby sets forth the following response to Defendant TSL, LTD.'s Motion to Dismiss. The Plaintiff states as follows:

## I.    INTRODUCTION

In her Complaint, the Plaintiff alleges that Defendant Ace Logistics, LLC; Ace NextDay, LLC; and TSL, LTD. are "employers" of the Plaintiff under the FLSA. Plaintiff brought this collective action under the Fair Labor Standards Act (FLSA), 29 U.S.C. §216(b), alleging that Defendants failed to properly pay overtime compensation for hours that she, and all other similarly situated drivers, worked in excess of forty hours in the workweek. These Defendants contract with carrier DHL, Inc. to deliver packages. The deliveries by the drivers at issue in this case are made in various brand/model cargo vans, none of which exceed 10,000 lbs. in gross vehicle weight (GVW). Also, the vans are not utilized to carry passengers or any amount of

hazardous materials that require placarding on the vehicles. On March 13, 2008, the Plaintiff brought this collective action under the FLSA on behalf of all these drivers. On May 29, 2008, the Defendant TLS, LTD. ("TSL") moved this Court to dismiss this lawsuit against it under Rule 12.[1]

Defendant TSL argues that dismissal is appropriate for the following reasons: (1) TLS is not an "employer" under the FLSA because it is a staffing agency; (2) TSL is motor carrier governed by the Motor Carrier Act ("MCA"), and therefore, it is exempt from coverage under the FLSA; (3) the Plaintiff Loyd lacks standing to bring a collective action under the FLSA; and (4) the Plaintiff's claims are barred by the Defendant's "good faith" efforts to comply with the FLSA. The Plaintiff's allegations in her Complaint must be deemed true by this Court when examining a motion to dismiss under Rule 12. TSL has presented absolutely no evidence to support its four arguments. On the other hand, the Plaintiff's Complaint, coupled with her sworn statement, clearly show that Defendant's position lacks merit under the standard for reviewing a motion to dismiss.

First, TSL is identified as Plaintiff's employer on her W2s. TLS's website identified itself as "joint employers" with the trucking companies it works with. It maintains human resource files for the employees and also ensures compliance with all federal wage and hour laws. Second, the MCA exemption does not apply because "commercial motor vehicles" are not being driven by the Plaintiff and putative class members at issue in this lawsuit. 49 U.S.C. §31132 defines a "commercial motor vehicle" as follows: "commercial motor vehicle" means a self-propelled or towed vehicle used on the highways in interstate commerce to transport passengers or property, if the vehicle –

---

[1] At the time of filing its motion, TSL also filed a motion to set aside a Motion for Default Judgment and also a motion to file a responsive pleading out of time.

(A) has a gross vehicle weight rating or gross vehicle weight of at least 10,001 pounds, whichever is greater;

(B) is designed or used to transport more than 8 passengers (including the driver) for compensation;

(C) is designed or used to transport more than 15 passengers, including the driver, and is not used to transport passengers for compensation; or

(D) is used in transporting material found by the Secretary of Transportation to be hazardous under section 5103 of this title and transported in a quantity requiring placarding under regulations prescribed by the Secretary under section 5103. 49 U.S.C. § 31132(1).

The vehicles at issue are not "commercial motor vehicles" as they have a gross vehicle weight under 10,000 lbs, are not designed or used to transport passengers, and they are not used to transport hazardous materials in amounts requiring "placarding" under regulations prescribed by the Secretary under section 5103.

Third, the Plaintiff has standing to bring this claim because she is member of the class at issue. And finally, Defendant cannot use the FLSA "good faith" defense as grounds for dismissal. It has presented no evidence it acted in good faith and presented no evidence regarding which regulation, finding, etc. it relied upon. The regulations clearly show that Ace Logistics had to pay overtime under the FLSA and it was not exempt under the MVA. Otherwise, any "good faith" argument is a defense to liquidated damages under the FLSA and not a defense to liability. Therefore, it is completely inappropriate to raise this defense in a Rule 12 motion.

## II. STATEMENT OF FACTS

The Plaintiff Jolene Loyd began working for the Defendants on or about May 2003 as a driver. She was employed with the Defendants through on or about February 29, 2008. (Complaint, ¶10). On occasions, Ms. Loyd was informed that her employer was Ace NextDay, LLC. (Loyd Sworn Statement, ¶6, **Exhibit 1**). Ms. Loyd received employee documents identifying "ACE" and TSL Inc. as her employer. (Loyd Sworn Statement, ¶6, 7 and 8). Also, Jerry Webb, Vice President/General Manager of Ace Logistics, provided her with a business card that identified Defendant Ace Logistics, LLC as his employer. (Loyd Sworn Statement, ¶7, card attached as **Exhibit 2**). Ace NextDay, LLC is a wholly owned subsidiary of Ace Logistics, LLC. Both organizations have their principle place of business at the same address: #8 Westbury Drive, St. Charles, Missouri. (**Exhibit 3**).

During Ms. Loyd's employment, Ms. Loyd's paychecks and W2s identified Defendant TSL, LTD. as her employer. (Loyd Sworn Statement, ¶8, paycheck stubs attached as **Exhibit 4**). Reviewing TSL, LTD.'s website reveals that it considers itself a joint employer with businesses in the trucking industry by supplying human resource services including managing the HR function for trucking businesses, processing payroll, maintaining HR files for employees, and most importantly, ensuring that such businesses are in compliance with wage and hours laws. (See website documents attached as **Exhibit 5**).

Ms. Loyd has testified that she, and other similarly situated drivers working for Defendants, drive delivery vehicles that have a GVW less than 10,000 lbs. (Loyd Sworn Statement, ¶3). Ms. Loyd has also testified that she, and other similarly situated drivers working for Defendants, do not transport any passengers in these vehicles. (Loyd Sworn Statement, ¶5). Finally, Ms. Loyd testified that she, and other similarly situated drivers working for Defendants, do not transport any hazardous materials in any quantity that have required placards to be placed

on their delivery vehicles. (Loyd Sworn Statement, ¶4). Ms. Loyd has alleged in her Complaint that all three entities, Ace Logistics, Ace Logistics, and TSL, LTD., are her employers under the FLSA. (Complaint ¶¶1-2, 11, 16-17).

### III.     ARGUMENT

In considering a Rule 12(b)(6) motion to dismiss, this Court found that it must construe the complaint in the light most favorable to the plaintiff, accept all the factual allegations as true, and determine whether the plaintiff can prove a set of facts in support of its claims that would entitle it to relief. Spurgeon v. Scantlin, 502 F. Supp. 2d 1021, 1023 (W.D. Mo. 2007) (Sachs). The complaint should contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory. Id. A motion to dismiss should be granted only if "it appears beyond doubt that the plaintiff can prove no set of facts which would entitle him to relief." Koehler v. Brody, 483 F.3d 590, 596 (8th Cir. 2007) (*quoting* Knapp v. Hanson, 183 F.3d 786, 788 (8th Cir. 1999)); Williams v. McClain, 708 F. Supp. 1086, 1090 (W.D. Mo. 1989).

The Plaintiff's allegations against TSL must be taken as true. The same is true for the allegation set forth her sworn statement. The Defendant has failed to present any evidence it is not the Plaintiff's "employer" under the FLSA. A mere allegation that it is only a "staffing" agency is not sufficient under Rule 12 to warrant a dismissal. Plaintiff alleged that TSL was an "employer" under the FLSA in the Complaint, and absent any evidence to the contrary, it should be deemed true by this Court. Defendant attempts to use Rule 12(b)(6) to argue an affirmative defense that it is exempt under the MCA. Defendant has presented no evidence to support this contention whatsoever. On the other hand, the Plaintiff has presented evidence establishing that TSL is not exempt under the MCA. The Defendant also contends that the Plaintiff lacks

5

standing to bring suit. The Defendant argues that since TSL is not governed by the FLSA via the MVA exemption, then the Plaintiff Loyd cannot assert a claim under the FLSA. Again, the Defendant has failed to present evidence indicating that it is exempt under the MCA. Finally, the Defendant argues that this matter should be dismissed because it acted in "good faith." This argument also fails. The Defendant has failed to present any evidence that it acted in "good faith" and evidence regarding what regulation, ruling, etc. it relied upon in violating the FLSA. The Defendant simply cannot meet its burden under Rule 12 to support its motion to dismiss.

**A.     TSL is an Employer under the FLSA:**

In her Complaint, Loyd alleges that Ace Logistics, LLC; Ace NextDay, LLC; and TSL, LTD. are all "employers" of her under the FLSA. (Complaint, ¶¶10, 16). Joint employment between one or more entities is possible under FLSA claims. In her Complaint, since more than one employer is listed as Defendant, it is clear that the Plaintiff is claiming that all are joint employers under the FLSA. As with all of TSL's arguments in its Motion to Dismiss, it has presented no supporting evidence other than to argue that Plaintiff's allegation is not true. As this Court is well aware, such an argument cannot survive the standards for a motion to dismiss under Rule 12.

Separate persons or entities that share control over an individual worker may be deemed joint employers under the FLSA. According to the Department of Labor regulation: [I]f the facts establish that the employee is employed jointly by two or more employers, i.e., that employment by one employer is not completely disassociated from employment by the other employer(s), all of the employee's work for all of the joint employers during the workweek is considered as one employment for purposes of the FLSA. 29 C.F.R. § 791.2(a); *see* Falk v. Brennan, 414 U.S. 190, 195, 94 S. Ct. 427, 38 L. Ed. 2d 406 (1973). "[A]ll joint employers are responsible, both

individually and jointly, for compliance with all of the applicable provisions of the [FLSA], including the overtime provisions." 29 C.F.R. § 791.2(a).

The Supreme Court has instructed that courts are to interpret the term 'employ' in the FLSA expansively. Schubert v. Bethesda Health Group, Inc., 319 F. Supp. 2d 963, 971 (E.D. Mo. 2004). Courts must examine the totality of the circumstances, and not any one factor, in determining whether a worker is the employee of a particular alleged employer. McDonald v. Jp Mktg. Assocs., LLC, 2007 U.S. Dist. LEXIS 27747, 11-12 (D. Minn. Apr. 13, 2007). To determine: Whether a 'joint employer' relationship exists under the 'economic realities' test, courts tend to narrow the inquiry and ask whether the alleged employer: (1) had the power to hire and fire the employees; (2) supervised and controlled employee work schedules or conditions of employment; (3) determined the rate and method of payment; and (4) maintained employment records. McDonald v. Jp Mktg. Assocs., LLC, 2007 U.S. Dist. LEXIS 27747 (D. Minn. Apr. 13, 2007) (quoting Catani, 2001 U.S. Dist. LEXIS 17023, 2001 WL 920025, at *6 (citation omitted).

The Plaintiff has alleged that all three Defendants were her "employer" under the FLSA. The Defendant TSL has failed to present any evidence to his Court showing that this good faith allegation cannot be proven by the Plaintiff. On the other hand, Plaintiff has presented evidence to support her "good faith" belief that all three Defendants could be joint employers under the FLSA. She received several documents identifying simply "ACE" and also TLS, LTD as her employer. On occasion, she was informed at work that her employer was Ace NextDay. Yet, her supervisor provided her with business cards identifying Ace Logistics as his employer. Also, Ace NextDay is wholly owned by Ace Logistics and both have their principle place of business at the same location. Her pay stubs and W2s also identified TSL, LTD. as her employer. TSL's website reveals that it considers itself a joint employer with businesses in the trucking industry

by supplying human resource services including managing the HR function for trucking businesses, processing payroll, maintaining HR files for employees, and most importantly, ensuring that such businesses are in compliance with wage and hours laws. All of these facts were not present in the Moore v. Universal Coordinators, Inc., 423 F.2d 96 (3rd Cir. 1970), cited and relied upon by TSL in its brief.

From this evidence, it is clear that TLS could meet the definition of "employer" under the FLSA. Since this is the case, this Court cannot dismiss this claim under Rule 12.

**B.     The MCA Exemption Does Not Apply:**

Under the FLSA, employers must pay overtime compensation at a rate of not less than one and one-half the employee's regular compensation rate. 29 U.S.C. §207. The FLSA's maximum hour requirement, however, does not apply to "any employee with respect to whom the Secretary of Transportation has power to establish qualifications and maximum hours of service pursuant to the provisions of section 31502 of Title 49." 29 U.S.C. §213(b)(1).

According to 49 U.S.C. §31502(b), the Secretary of Transportation may prescribe requirements for (1) qualifications and maximum hours of service of employees of, and safety of operation and equipment of, a motor carrier; and (2) qualifications and maximum hours of service of employees of, and standards of equipment of, a motor private carrier, when needed to promote safety of operation. This exception to the FLSA's applicability is commonly known as the Motor Carrier Act Exemption ("MCA exemption"). As stated in §31502(b), the MCA exemption applies to both "*motor carriers*" and "*motor private carriers*" under the MCA. Kautsch v. Premier Communs., 502 F. Supp. 2d 1007, 1010-1011 (W.D. Mo. 2007).

TSL argues that it cannot be liable under the FLSA because the MCA applies to the Plaintiff and the class of employees at issue in this case. However, the Defendant does not

clarify its argument. It is not clear whether the Defendant is arguing that such persons are "motor carriers," "motor private carriers," or both under the MCA. Regardless, the persons at issue do not fall under either category. TSL completely fails to share with the Court that the Plaintiff and employees at issue in this case do not drive "commercial motor vehicles" as required under the MCA.[2] Therefore, the MCA exemption cannot apply to them.

*Prior* to August 10, 2005, the MCA exemption applied if the person transported property by *motor vehicle*. Id. However, effective *after* August 10, 2005, the SAFETEA-LU amended 49 U.S.C. §13102 by adding the word "commercial" before "motor vehicle." Id. This completely changed the manner in which the MCA exemption applied to FLSA cases. For an employee to be exempt under the MCA, he or she now needed to operate a "commercial motor vehicle."

As stated above, 49 U.S.C. §31132 defines a "commercial motor vehicle" as follows: "commercial motor vehicle" means a self-propelled or towed vehicle used on the highways in interstate commerce to transport passengers or property, if the vehicle –

> (A) has a gross vehicle weight rating or gross vehicle weight of at least 10,001 pounds, whichever is greater;
>
> (B) is designed or used to transport more than 8 passengers (including the driver) for compensation;
>
> (C) is designed or used to transport more than 15 passengers, including the driver, and is not used to transport passengers for compensation; or
>
> (D) is used in transporting material found by the Secretary of Transportation to be hazardous under section 5103 of this title and transported in a quantity requiring placarding under regulations prescribed by the Secretary under section 5103. 49 U.S.C. § 31132(1).

---

[2]    Plaintiffs are aware that a few drivers for the Defendants may operate vehicles over 10,000 lbs. possibly making them subject to the MVA exemption. If that is the case, those persons would not be members of the class. Defendant can assert this affirmative defense, with some evidence it may provide to the Court, at the appropriate summary judgment stage.

TSL cannot claim that the Plaintiff, and the class of similarly situated employees, are either "motor carriers" or "motor private carriers" under the MCA. TSL has not presented any uncontroverted evidence to demonstrate that Plaintiff and its other drivers actually operate "commercial motor vehicles."

In order to be a "Motor Carrier" under the MCA, a person must be "providing *commercial motor vehicle* (as defined in section 31132 [49 USC §31132]) transportation for compensation." 49 U.S.C. § 13102(14). In order to assert the MCA exemption, TSL needs to establish that the class of employees at issue in this case drive "commercial motor vehicles" as defined under §31132. Despite bearing the burden of producing some evidence to support its motion to dismiss, TSL has presented no evidence to this Court that the class of employees at issue in this case drive "commercial motor vehicles." Indeed, the only evidence this Court must examine when a Defendant files a motion to dismiss are the Plaintiff's factual allegations set forth in the Complaint and any accompanying sworn statements. Here, Loyd has presented sufficient evidence to establish that none of the vehicles at issue in this case have a GVW in excess of 10,000 lbs. Also, evidence has been presented that none of the vehicles at issue were designed or used to transport passengers. Finally, evidence is presented that no hazardous materials are transported in these vehicles in any quantity that require placarding under §31132(D). None of the four definitions of a "commercial motor vehicle" under §31132 (A) through (D) have been met. The Defendant has presented no evidence to support its argument. Loyd has presented evidence supporting her claims for a FLSA violation and defeating Defendant's unsubstantiated attempt to assert the MCA exemption.

Despite Defendant's false statement to this Court that Plaintiff admitted she operated a "commercial motor vehicle" under the MVA (Defendant's Motion pg. 6), there is absolutely no

evidence to support this statement. A review of the Complaint will show that Plaintiff has made any allegation that she operated a "commercial motor vehicle" under the MVA.

Defendant spends some time arguing that its goods are transported in interstate commerce. This fact has no bearing on whether the MVA exemption applies whatsoever. The Plaintiff, and other similarly situated employees, must still be operating "commercial motor vehicles" in order for the MVA exemption to apply. Simply operating in interstate commerce does not automatically invoke the MVA exemption. Plaintiff avers that TSL is engaged in interstate commerce in order to assert is covered by the FLSA. Not only does Defendant's logic completely contradict the statutes as to who is a "motor carrier" or "private motor carrier" under the MVA, it would also allow every employer in the United States who conducts interstate commerce to be exempt from the FLSA's requirements. Indeed, one needs to operate in interstate commerce for the FLSA to apply. Defendant's argument borders on frivolous.

Regarding "motor private carriers," TSL must establish the following. "Motor Private Carriers" are defined by the Motor Carrier Act as "a person, other than a motor carrier, transporting property by *commercial motor vehicle* (as defined in section 31132) when—

> (A) the transportation is as provided in section 10521(a)(1) and (2) of this title [i.e., the transportation is in interstate commerce];
>
> (B) the person is the owner, lessee, or bailee of the property being transported; and
>
> (C) the property is being transported for sale, lease, rent, or bailment, or to further a commercial enterprise."

49 U.S.C. § 13102(15), cited by Turk v. Buffets, Inc., 940 F. Supp. 1255, 1259 (N.D. Ill., 1996). Again, TSL needs to establish that the class of employees at issue in this case drive "commercial motor vehicles" under 49 U.S.C. §31132. As previously stated, TSL has not presented any evidence to this Court to support this contention, while the Plaintiff has presented such evidence.

The Plaintiff and employees at issue in this case are not "Motor Carriers" or "Motor Private Carriers" under the MVA. Therefore, this exemption cannot apply.

C. **The Plaintiff Loyd has Standing to Bring a Collective Action:**

The Defendant argues that since TSL is not governed by the FLSA via the MVA exemption, then the Plaintiff Loyd cannot assert a claim under the FLSA. In turn, she cannot act as a representative plaintiff under a §216(b) collective action claim. Of course, this entire argument relies upon a finding that the MVA exemption applies to TSL. As pointed out above, that is simply not the case. The exemption does not apply, therefore, Loyd can be a representative plaintiff for the class of employees at issue.

D. **Defendant Cannot Assert a "Good Faith" Mistake as the Basis for a Motion to Dismiss:**

Alternatively, if the MVA exemption does not apply, the Defendant attempts to use the "good faith" mistake argument under 29 U.S.C. §259(a) as a basis for its Motion to Dismiss.[3] This statute not only requires evidence of a "good faith" mistake (which is not presented in any form in Defendant's motion to dismiss) it also requires that TSL relied on a written regulation, order, ruling, approval, etc……with respect to class of employers to which plaintiff belonged. 29 U.S.C. §259(a). Again, Defendant has presented no evidence as to what regulation, order, ruling, approval, etc. it has relied upon in failing to comply with paying overtime under the FLSA. The Plaintiff will assume that Defendant was relying upon the MVA statues cited in its Motion to Dismiss. Ironically, the statutes at issue under the MVA exemption [§13102(14), §13102(15), §31132] clearly show that TSL was not operating "commercial motor vehicles" that would allow it claim an exemption under the FLSA. In reality, any "reliance" by TSL on such

---

[3] This is a puzzling argument to make under a Rule 12(b)(6) motion since Defendant has the burden of production for this affirmative defense, and yet, has presented no evidence in support.

12

regulations reveals that it knew it was violating the FLSA because it did not meet MVA exemption.

Any other argument by TSL regarding any "good faith" mistake under the FLSA would also be inappropriate in a Rule 12 motion to dismiss. The "good faith" argument can only be utilized by an employer in an attempt to avoid liquidated damages. 29 U.S.C. §216(b), §260. Alternatively, the only other area where an employer's intent comes into play is whether it acted "willfully" in order to invoke a three year statute of limitations as opposed to a two-year statute. 29 U.S.C. §255. The Defendant cannot use an affirmative defense to liquidate damages or an extension to the statute of limitations as a basis for dismissing the underlying FLSA violation via Rule 12. Regardless, as in its previous arguments, the Defendant again fails to present any factual basis to support this argument.

**WHEREFORE**, the Plaintiff respectfully requests that this Court issue an order denying the Defendant TSL's Motion to Dismiss in its entirety.

Respectfully submitted,

| | |
|---|---|
| */s/ Brendan J. Donelon* | */s/ Jason Brown* |
| Brendan J. Donelon, MO #43901 | Jason Brown, MO #49952 |
| 802 Broadway, 7th Floor | **Brown & Associates, LLC** |
| Kansas City, Missouri 64105 | 7505 N.W. Tiffany Springs Pkwy., Ste. 130 |
| Tel:  (816) 221-7100 | Kansas City, MO 64153 |
| Fax:  (816) 472-6805 | Tel: 816-505-4529 |
| brendan@donelonpc.com | Fax: 816-379-4040 |
| | kclawyerbrown@yahoo.com |

**ATTORNEYS FOR PLAINTIFFS**

### Certificate of Service

I hereby certify that a true and correct copy of the above and foregoing was sent on <u>May 30, 2008</u> via the ECF requirements and standing orders for the Western District of Missouri to:

| | |
|---|---|
| Joy D. McMillen | James D. Conkright |
| Tim S. Haverty | **Sanders, Conkright & Warren LLP** |
| David W. Forth | 40 Corporate Woods |
| **Doster Guin** | 9401 Indian Creek Pkwy., Ste. 1250 |
| 17107 Chesterfield Airport Rd., Ste. 300 | Overland Park, KS 66210 |
| Chesterfield, MO 63005 | |
| jmcmillen@dosterguin.com | **ATTORNEYS FOR DEFENDANT TSL, LTD.** |
| **ATTORNEYS FOR DEFENDANT ACENEXT DAY, LLC; ACE LOGISTICS, LLC; and TSL, LTD.** | |