# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MISSOURI
### WESTERN DIVISION

| | |
|---|---|
| **JOLENE S. LOYD** | ) |
| | ) |
| On Behalf of herself and | ) |
| all Others Similarly Situated, | ) |
| | ) |
|     Plaintiffs, | ) |
| | ) |
| vs. | ) Case no.: 08-0188-W-HFS |
| | ) |
| **ACE LOGISTICS, L.L.C.;** | ) |
| **ACE NEXTDAY, L.L.C.** | ) |
| -and- | ) |
| **TLS, LTD.** | ) |
| | ) |
|     Defendants. | ) |

## PLAINTIFFS' SUGGESTIONS IN OPPOSITION TO DEFENDANTS' JOINT SUPPLEMENTAL MOTION TO DISMISS

**COMES NOW** the Plaintiffs, on behalf of themselves and all others similarly situated, and hereby provide the following suggestions in opposition to Defendants' *Joint Supplemental Motion to Dismiss* (Doc. #32).

All three Defendants (Ace Logistics, LLC; Ace Nextday, LLC; and TLS, LTD. in this matter had previously moved to dismiss this case. All Defendants in their respective motions argued that they were exempt from having to pay overtime under the Fair Labor Standards Act (FLSA) due to the Motor Carrier Act (MCA) exemption. In summary, the Defendants argued in their initial motions that the Plaintiffs, and the putative class members, were "motor carriers" or "private motor carriers" under the MCA. Defendants based this argument on the notion that these plaintiffs operated "motor vehicles" under the MCA, and therefore, were not covered by the FLSA.

The Defendants' first round of Motions to Dismiss began a pattern and practice on their behalf of clearly misinterpreting the statutes, completely failing to read the statutes, misstating the law to this Court, and a failure to take notice from the Plaintiffs for this conduct.

The June 6, 2008 amendment of the SAFTELEA-LU very clearly states that the Plaintiffs in this case, and the putative class members at issue, remain as "covered employees" under the FLSA as defined in SAFETLEA-LU §306. The language in this section could not be any clearer that FLSA coverage still applies to these drivers. Defendants simply, and completely, ignore this language.

  A.  **The Defendants First Misunderstanding of the Law:**

The Defendants' initial Motions to Dismiss were based upon an argument that the Plaintiffs, and the class of employees at issue, drove "motor vehicles" as defined under the MCA. Therefore, the Defendants argued that since they were covered under the MCA, the MCA exemption to the FLSA applied. As pointed out in Plaintiffs' responses to these Motions to Dismiss (Docs. #20, #21, #28), the phrase "motor vehicle" no longer applied to the MCA. On August 10, 2005 (roughly three years before their motions to dismiss), SAFETEA-LU amended the MCA and replaced "motor vehicle" with "commercial motor vehicle." The Plaintiffs in this case clearly did not operate "commercial motor vehicles" as defined, and in turn, were covered by the FLSA. (See Docs. #20, #21, #28). From their three motions, it was clear that Defendants did not even read the statutes.

On May 12, 2008, prior to filing their responses, the Plaintiffs sent an email to defense counsel informing them that they had made a mistake and were arguing the pre-August 10, 2005 statutory language. (See email, attached as **Exhibit A**). Plaintiffs pointed out that the MCA was amended, and the new phrase "commercial motor vehicle" was now being used. Plaintiffs next

pointed out how the Plaintiffs did not operate "commercial motor vehicles" under the MCA, therefore, the MCA exemption to the FLSA did not apply. After explaining their mistake in this email, the Plaintiffs gave the Defendants an opportunity to withdraw that argument from their motion. Defendants failed to do so, and instead, continued to represent to the Court that their statutory reading was correct and accurate.

**B.    The Defendants Second Misunderstanding of the Law:**

On or about June 19, 2008, counsel for Defendants contacted Plaintiffs counsel and requested that Plaintiffs dismiss their lawsuit in its entirety based upon the June 6, 2008 SAFETEA-LU amendment. Counsel for Plaintiffs had been following this bill and was well aware of the language. The language of the bill went back and replaced "commercial motor vehicle" with the prior phrase "motor vehicle." However, that same amendment explicitly addressed how this would affect FLSA coverage. Section 306 of this June 6 amendment clearly defined who still remained a "covered employee" under the FLSA. This definition clearly reveals that the Plaintiffs, and putative class members, would still be covered by the FLSA. Indeed, the definition set forth in §306(c) describing a "covered employee" mirrors the prior language of one who operates a "commercial motor vehicle." In essence, this June 6 amendment has absolutely no affect on Defendants' initially flawed argument, or the Plaintiffs' defenses thereto.

Once again, the Plaintiffs gave the defense counsel an explanation regarding how the June 6, 2008 SAFETEA-LU amendment had no affect on its flawed argument or our response. On June 19, 2008, counsel for Plaintiffs sent defense counsel an email explaining that their interpretation of the amendment was completely incorrect and they failed to read §306. (Attached as **Exhibit B**). Plaintiffs provided a highlighted copy of the amendment, in particular

3

§306, to show defense counsel that they failed to read or understand its clear language. Defendants disregarded this email.

    **C.**    **The Defendants Argument before this Court Misstates the Law:**

Despite being warned of their obvious mistake, on July 17, 2008, all three Defendants filed a Joint Supplemental Motion to Dismiss. Despite being provided clear warning that they were not reading the June 6 amendment correctly, the Defendants based those Supplement Motion on the contention that this amendment would now defeat the Plaintiffs' claims. The Defendants based this argument on the fact that "commercial motor vehicle" was now being replaced with "motor vehicle," therefore, their initial argument in their first round of Motions to Dismiss would apply again.[1]

Once again, on July 17, 2008, the Plaintiffs wrote defense counsel pointing out that they failed to read the June 8 amendment in its entirety and that they were relying in inaccurate law in their argument. (Attached as **Exhibit C**). Plaintiffs again requested that they withdraw this Motion because it failed to completely provide all relevant language from the amendment. Defendants disregarded this request.

It is very clear that the June 6, 2008 SAFETEA-LU amendment to the MCA has absolutely no affect on the Plaintiffs' claims. In fact, as far as the FSLA is concerned, this amendment mirrors the language relied upon by Plaintiffs in their initial responses as to why the FLSA applies. Section 306 of the June 6, 2008 SAFETEA-LU amendment states:

**SEC. 306. <mark>APPLICABILITY OF FAIR LABOR STANDARDS ACT</mark> REQUIREMENTS AND LIMITATION ON LIABILITY.**

---

[1] Interestingly, Defendants argument in this newly filed Joint Motion is a clear admission that they had the law completely wrong in their initial three motions to dismiss. Indeed, they had it wrong just like Plaintiffs' counsel had explained to them in the May 12, 2008 email (Exhibit A). This begs the question as to why they allowed a flawed motion citing incorrect law to reside before this Court despite being provided notice.

**(a) Applicability Following This Act-** Beginning on the date of enactment of this Act, section 7 of the Fair Labor Standards Act of 1938 (29 U.S.C. 207) shall apply to a covered employee notwithstanding section 13(b)(1) of that Act (29 U.S.C. 213(b)(1)).

**(b) Liability Limitation Following SAFETEA-LU-**

    **(1) LIMITATION ON LIABILITY-** An employer shall not be liable for a violation of section 7 of the Fair Labor Standards Act of 1938 (29 U.S.C. 207) with respect to a covered employee if--

        (A) the violation occurred in the 1-year period beginning on August 10, 2005; and

        (B) as of the date of the violation, the employer did not have actual knowledge that the employer was subject to the requirements of such section with respect to the covered employee.

    **(2) ACTIONS TO RECOVER AMOUNTS PREVIOUSLY PAID-** Nothing in paragraph (1) shall be construed to establish a cause of action for an employer to recover amounts paid before the date of enactment of this Act in settlement of, in compromise of, or pursuant to a judgment rendered regarding a claim or potential claim based on an alleged or proven violation of section 7 of the Fair Labor Standards Act of 1938 (29 U.S.C. 207) occurring in the 1-year period referred to in paragraph (1)(A) with respect to a covered employee.

**(c) Covered Employee Defined-** In this section, the term `covered employee' means an individual--

    (1) who is employed by a motor carrier or motor private carrier (as such terms are defined by section 13102 of title 49, United States Code, as amended by section 305);

    (2) whose work, in whole or in part, is defined--

        (A) as that of a driver, driver's helper, loader, or mechanic; and

        (B) as affecting the safety of operation of motor vehicles weighing 10,000 pounds or less in transportation on public highways in interstate or foreign commerce, except vehicles--

        (i) designed or used to transport more than 8 passengers (including the driver) for compensation;

        (ii) designed or used to transport more than 15 passengers (including the driver) and not used to transport passengers for compensation; or

        (iii) used in transporting material found by the Secretary of Transportation to be hazardous under section 5103 of title 49, United States Code, and transported in a quantity requiring placarding under regulations prescribed by the Secretary under section 5103 of title 49, United States Code; and

    (3) who performs duties on motor vehicles weighing 10,000 pounds or less.

As one can clearly see, §306(a) states that section 7 of the FLSA shall still apply to "covered employees." In turn, §306(c) defines a "covered employee." Tracking the language used in the prior definition of who would not be operating a "commercial motor vehicle," a "covered employee" would still entail the exact same people (i.e. Plaintiffs and the putative class members in this case).

The Plaintiffs are employed by a "motor carrier, §306(c)(1), and their work is defined as being drivers, §306(c)(2)(A), of vehicles weighing 10,000 pounds or less, §306(c)(2)(B). The Plaintiffs are not transporting any passengers in these vehicles, §306(c)(2)(B)(i-ii), and they are not transporting any hazardous materials that require placards, §306(c)(2)(B)(iii). Since these factors exist, the Plaintiffs are "covered employees" entitled to relief under section 7 of the FLSA. If this all sounds familiar to the Court, it should. These are the exact same arguments made by the Plaintiffs in responding to the first three motions to dismiss.

The June 6 amendment was written to clear up issues in the MCA. But, it is very clear that this amendment still wanted people who were defined as "covered employees" to still receive compensation as allowed under the FLSA. Defendants' incorrect reliance on §305 of this amendment, extinguishing the term "commercial motor vehicle," in no way affects it liability under the FLSA due to §306.

On a side note, §306(b) does provide a safe harbor of one year from the August 10, 2005 amendment regarding overtime coverage under the FLSA. Under the August 10 amendment, employers were liable for overtime to persons unless they were operators of commercial motor vehicles. Understanding that this may have caused some confusion, §306(b) provides a one year safe harbor from such claims up to August 10, 2006.[2] However, if one can prove that the

---

[2] This would allow claims for damages under the FLSA to only go back to August 10, 2006. Plaintiffs were employed by Defendant after this date, so their claims would be viable.

employer had actual knowledge that the August 10 amendment created FLSA coverage for drivers not operating commercial motor vehicles, then this safe harbor would not apply. Without any discovery being conducted in this case, it would be premature to even allow the Defendants of this one year safe harbor.

Defendants argue that §306 somehow amends the FLSA. Section 306 clarifies the MCA exemption that is set forth in the MCA. The FLSA was not amended by the July 6, 2008 SAFETEA-LU. It remains the same. Beginning with the August 10, 2005 SAFETEA-LU amendment to the MCA, drivers such as the Plaintiffs were no longer exempt under the FLSA because they were not operating "commercial motor vehicles." These exact same types of drivers remained covered under the FLSA after the June 6, 2008 amendment. Nothing has changed. The only exception would be the one year safe harbor under §306(b). Indeed, §306(b)'s existence defeats the Defendants' argument that these types of drivers are only covered from June 6, 2008 forward. If that were the case, it would make no sense to even have §306(b). This further demonstrates how ludicrous Defendants' Joint Motion is.

**WHEREFORE**, the Plaintiffs respectfully request that this Court deny the Defendants' Joint Supplemental Motion to Dismiss in its entirety.

*/s/ Brendan J. Donelon*
Brendan J. Donelon, MO #43901
802 Broadway, 7th Floor
Kansas City, Missouri 64105
Tel:     (816) 221-7100
Fax:    (816) 472-6805
brendan@donelonpc.com

*/s/ Jason Brown*
Jason Brown, MO #49952
**BROWN & ASSOCIATES, LLC**
7505 N.W. Tiffany Springs Pkwy., Ste. 130
Kansas City, MO 64153
Tel: 816-505-4529
Fax: 816-379-4040
kclawyerbrown@yahoo.com

**ATTORNEYS FOR PLAINTIFFS**

### Certificate of Service

     I hereby certify that a true and correct copy of the above and foregoing was sent on July 24, 2008 via the ECF requirements and standing orders for the Western District of Missouri to:

Joy D. McMillen
Tim S. Haverty
David W. Forth
**Doster Guin**
17107 Chesterfield Airport Rd., Ste. 300
Chesterfield, MO 63005
jmcmillen@dosterguin.com

**ATTORNEYS FOR DEFENDANT ACENEXT DAY, LLC; ACE LOGISTICS, LLC; and TSL, LTD.**

James D. Conkright
**Sanders, Conkright & Warren LLP**
40 Corporate Woods
9401 Indian Creek Pkwy., Ste. 1250
Overland Park, KS 66210

**ATTORNEYS FOR DEFENDANT TSL, LTD.**